UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN O'DELL, | : |
| | : |
| Plaintiff, | : Case No. 1:22-cv-9313 |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| AKOUOS, INC., EDWARD T. MATHERS, | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| KUSH M. PARMAR, M.D., PH.D., | : **THE SECURITIES EXCHANGE ACT** |
| HEATHER PRESTON, M.D., SAIRA | : **OF 1934** |
| RAMASASTRY, VICKI SATO, PH.D., | : |
| EMMANUEL SIMONS, PH.D., M.B.A., and | : **JURY TRIAL DEMANDED** |
| ARTHUR O. TZIANABOS, PH.D., | : |
| | : |
| Defendants. | : |

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Akouos, Inc. ("Akouos or the "Company") and the members Akouos board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Akouos by affiliates of Eli Lilly and Company ("Eli Lilly").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on October 31, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Kearny Acquisition Corporation ("Purchaser"), a wholly owned subsidiary of Eli Lilly, will merge with and into Akouos, with Akouos continuing as the surviving corporation and as a wholly owned subsidiary of Eli Lilly (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated October 17, 2022 (the "Merger Agreement"), each Akouos common share issued and outstanding will be converted into the right to receive: (i) $12.50 per share owned; plus (ii) one non-tradable contingent value right ("CVR") representing the contractual right to receive contingent payments of up to $3.00 per CVR in accordance with the terms and subject to the CVR Agreement (the "Merger Consideration"). In accordance with the Merger Agreement, Purchaser commenced a tender offer to acquire all of Akouos's outstanding common stock and will expire on November 29, 2022 (the "Tender Offer").

3.  Defendants have now asked Akouos's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Akouos's financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Centerview. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Akouos stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Akouos's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Plaintiff resides in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Akouos common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Edward T. Mathers has served as a member of the Board since October 2017.

11. Individual Defendant Kush M. Parmar, M.D., Ph.D. has served as a member of the Board since October 2017.

12. Individual Defendant Heather Preston, M.D. has served as a member of the Board since February 2020.

13. Individual Defendant Saira Ramasastry has served as a member of the Board since June 2020.

14. Individual Defendant Vicki Sato, Ph.D. has been a member of the Board since February 2020.

15. Individual Defendant Emmanuel Simons, Ph.D., M.B.A. served as a member of the Board since March 2016 and is the Company's co-founder, President, and Chief Executive Officer.

16. Individual Defendant Arthur Tzianabos Ph.D. served as a member of the Board since July 2018 and is the Chairman of the Board.

17. Defendant Akouos is incorporated in Delaware and maintains its principal offices at 645 Summer Street, Suite 200, Boston, MA 02210. The Company's common stock trades on the NASDAQ Global Select Market under the symbol "AKUS."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.    The Proposed Transaction**

20. Akouos, a precision genetic medicine company, developing gene therapies to restore, improve, and preserve physiologic hearing for individuals. The Company's precision genetic medicine platform incorporates a proprietary adeno-associated viral vector library and a

4

novel delivery approach. Its lead product candidate is AK-OTOF, a gene therapy for the treatment of hearing loss due to mutations in the OTOF gene. The Company is also developing AK-CLRN1 for the auditory manifestations of Usher syndrome 3A, or USH3A; and AK-antiVEGF for vestibular schwannoma. In addition, its precision genetic medicine platform addresses hearing loss related to genes needed for supporting cell function. The Company was incorporated in 2016 and is based in Boston, Massachusetts.

21. On October 18, 2022, Eli Lilly and the Company announced the Proposed Transaction:

> INDIANAPOLIS and BOSTON, Oct. 18, 2022 /PRNewswire/ -- Eli Lilly and Company (NYSE: LLY) and Akouos, Inc. (NASDAQ: AKUS) today announced a definitive agreement for Lilly to acquire Akouos, a precision genetic medicine company that is developing a portfolio of first-in-class adeno-associated viral gene therapies for the treatment of inner ear conditions, including sensorineural hearing loss.
> "We are honored to work with the talented team at Akouos who are breaking new ground in the science of treating hearing loss," said Andrew C. Adams, Ph.D., senior vice president of genetic medicine and co-director of the Institute for Genetic Medicine, Lilly. "We believe that with Lilly's resources, global reach, and growing capabilities in gene therapy, we can help Akouos fulfill their mission of making healthy hearing available to all."
>
> Akouos has integrated expertise across otology, inner ear drug delivery, and gene therapy with the goal of addressing the needs of people living with disabling hearing loss worldwide. Akouos's lead product candidate, AK-OTOF, is a gene therapy for the treatment of hearing loss due to mutations in the otoferlin gene (*OTOF*). Additional pipeline programs span across multiple inner ear conditions, and include AK-CLRN1 for Usher Type 3A, an autosomal recessive disorder characterized by progressive loss of both hearing and vision; *GJB2* (which encodes connexin 26) for a common form of monogenic deafness and hearing loss; and AK-antiVEGF for the treatment of vestibular schwannoma.
> "I am proud of the commitment and passion of our team, which has established Akouos as a pioneer in inner ear genetic medicine, as demonstrated by our work to advance the first investigational therapy for a genetic form of hearing loss into clinical

development," said Emmanuel Simons, Ph.D., M.B.A., co-founder, president, and chief executive officer of Akouos. "Joining Lilly – a company that shares our purpose to make life better for people around the world – will help us accelerate the development of a broad pipeline of inner ear genetic medicines."

Under the terms of the transaction, Lilly will acquire all of the outstanding shares of Akouos for $12.50 per share in cash, plus one contingent value right (CVR) of up to $3.00 per share. The deal has been approved by the boards of directors of both companies.

"Gene therapy offers tremendous opportunity to provide durable treatments for patients with genetically defined disease; this is our second acquisition in gene therapy, following the 2021 acquisition of Prevail Therapeutics," added Daniel Skovronsky, M.D., Ph.D., Lilly's chief scientific and medical officer, and president of Lilly Research Laboratories. "With Akouos, we are optimistic that we can make a difference for people with hearing loss and other inner ear conditions."

**Terms of the Agreement**
Lilly will commence a tender offer to acquire all outstanding shares of Akouos for a purchase price of $12.50 per share in cash (an aggregate of approximately $487 million) payable at closing plus one non-tradeable contingent value right per share ("CVR") that entitles the holder to receive up to an additional $3.00 in cash, for a total consideration of up to $15.50 per share in cash without interest (an aggregate of up to approximately $610 million).

CVR holders would become entitled to receive contingent payments as follows: (i) $1.00 in cash, upon the fifth (5th) participant being administered with AK-OTOF in a Phase 1 or Phase 1/2 trial on or prior to Dec. 31, 2024; (ii) $1.00 in cash, upon the fifth (5th) participant being administered with an Akouos gene therapy product for a second monogenic form of sensorineural hearing loss (excluding AK-OTOF and AK-antiVEGF) on or prior to Dec. 31, 2026; and (iii) $1.00 in cash, upon (a) the first (1st) participant being administered with an Akouos gene therapy product (excluding AK-antiVEGF) for a monogenic form of sensorineural hearing loss in a Phase 3 trial, or (b) receipt of FDA approval in the U.S. for such Akouos product, whichever occurs first, on or prior to Dec. 31, 2026, or its value will be reduced by approximately 4.2 cents per month until Dec. 1, 2028 (at which point the CVR will expire).

There can be no assurance that any payments will be made with respect to the CVR. The transaction is not subject to any financing condition and is expected to close in the fourth quarter of 2022,

> subject to customary closing conditions, including receipt of required antitrust clearance and the tender of a majority of the outstanding shares of Akouos's common stock. Following the successful closing of the tender offer, Lilly will acquire any shares of Akouos that are not tendered in the tender offer through a second-step merger at the same consideration as paid in the tender offer.
>
> The purchase price payable at closing represents a premium of approximately 121% to the 30-day volume-weighted average trading price of Akouos's common stock ended on Oct. 17, 2022, the last trading day before the announcement of the transaction. Akouos's Board of Directors unanimously recommends that Akouos's stockholders tender their shares in the tender offer. Additionally, certain Akouos stockholders, beneficially owning approximately 26% of Akouos's outstanding common stock, have (subject to certain terms and conditions) agreed to tender their shares in the tender offer.
>
> Lilly will determine the accounting treatment of this transaction as a business combination or an asset acquisition, including any related acquired in-process research and development charges, according to Generally Accepted Accounting Principles (GAAP) upon closing, which is expected to occur in the fourth quarter of 2022. This transaction will thereafter be reflected in Lilly's financial results and financial guidance.
>
> For Lilly, Kirkland & Ellis LLP is acting as legal counsel. For Akouos, Wilmer Cutler Pickering Hale and Dorr LLP is acting as legal counsel and Centerview Partners LLC as sole financial advisor.

\* \* \*

22. It is therefore imperative that Akouos's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.** **The Materially Incomplete and Misleading Solicitation Statement**

23. On October 31, 2022, Akouos filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the

Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Centerview's Financial Analysis*

24. With respect to Centerview's *Selected Precedent Transactions Analysis*, the Solicitation Statement fails to disclose: (i) the basis for selecting the range of Transaction Values of $150 million to $400 million; (ii) the number of fully-diluted outstanding Shares of Company stock as of October 14, 2022; and (iii) the financial metrics used to calculated the transaction value for each selected company.

25. With respect to Centerview's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates ranging from 15% to 17%; (ii) the implied terminal value of the Company; (iii) the Company's weighted average cost of capital; (iv) the basis for assuming that the rate of free cash flow would decline 25% year-over-year in perpetuity; (v) the number of fully diluted outstanding shares of Akouos as of October 14, 2022; and (vi) the expected dilutive effect of the 2022 equity raise.

26. With respect to Centerview's *Analyst Price Target Analysis*, the Solicitation Statement fails to disclose: (i) the Wall Street research analysts reviewed; and (ii) the stock price targets published by each analyst.

27. With respect to Centerview's *Precedent Premiums Paid Analysis*, the Solicitation Statement fails to disclose: (i) the transactions selected; and (ii) the premiums paid in those transactions.

28. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

29. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

30. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . ." 15 U.S.C. § 78n(e).

31. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in

order to make the statements made, in light of the circumstances under which they were made, not misleading.

32. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

33. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

34. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

35. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

37. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

38. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Akouos within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Akouos, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Akouos, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Akouos, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

47. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.  Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.  Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.  Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 31, 2022                                      **MELWANI & CHAN LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Floor
New York, New York 10036
Tel: (212) 382-4620
Email:  gloria@melwanichan.com

*Attorneys for Plaintiff*